# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.                                  **ORDER**
                                       Criminal No. 02-75(1) ADM/RLE
                                       Civil No. 06-3873 ADM

Robert George Head, Jr.,

        Defendant.

_____

Clifford B. Wardlaw, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Robert George Head, Jr., pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Robert George Head, Jr.'s ("Head") Motion Pursuant to Rule 60(b) [Docket No. 236] ("Rule 60(b) Motion"), as well as the Government's Motion to Dismiss Successive § 2255 Application [Docket No. 237] ("Motion to Dismiss").  For the reasons below, the Government's Motion to Dismiss is granted and Head's Rule 60(b) Motion is denied.

## II. BACKGROUND

The facts of this case are discussed more fully in this Court's December 15, 2009 Order [Docket No. 225], and are incorporated by reference.  Pertinent to his current Rule 60(b) Motion, Head was convicted in March 2004 and sentenced to a total prison term of 204 months, 120 months for two counts of aggravated assault and a consecutive 84 months for brandishing a firearm during a crime of violence.  Dec. 15, 2009 Order 1.  The Eighth Circuit Court of Appeals affirmed Head's convictions and sentence, United States v. Head, 407 F.3d 925 (8th Cir. 2005),

and the United States Supreme Court denied Head's petition for writ of certiorari. Head v. United States, 547 U.S. 1082 (2006).

In September 2006, Head filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 186], but this Court denied his motion, finding it procedurally barred and meritless. July 9, 2007 Order [Docket No. 206] 4. This Court subsequently denied Head a Certificate of Appealability. Oct. 10, 2007 Order [Docket No. 212] 2–3. The Eighth Circuit affirmed the denial of Head's § 2255 Motion and dismissed his appeal, and the Supreme Court denied certiorari. See Judgment of United States Court of Appeals [Docket No. 215]; Notice [Docket No. 218].

In August 2009, Head filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 219], claiming that his sentence was improper due to impermissible double counting under the United States Sentencing Guidelines. This motion, which the Court stated was "probably more correctly construed as a motion under 28 U.S.C. § 2255," was denied, and the Court declined to grant Head a Certificate of Appealability. See Dec. 15, 2009 Order.

On April 16, 2010, Head filed a Motion Pursuant to Rule 60(b)(3) and Rule 60(d)(3) [Docket No. 227], which this Court construed as a second or successive habeas motion. See June 21, 2010 Order [Docket No. 231] 2. Head's motion was interpreted as an attempt "to circumvent 28 U.S.C. § 2244(b)(3) by purportedly invoking some other procedural device," and this Court determined it was not authorized to hear Head's motion without § 2244 approval from the Eighth Circuit Court of Appeals. Id. The Court also found Head's arguments failed on the merits, and declined to grant him a Certificate of Appealability. Id. at 3-5. Head appealed; the Eighth Circuit summarily affirmed. Oct. 26, 2010 Judgment of USCA [Docket No. 234].

Head brought this current Rule 60(b) Motion on June 4, 2012.

## III. DISCUSSION

Although Head frames his motion as a "Rule 60(b) Motion," he is explicitly requesting this Court to "allow the petitioner to re-open his § 2255 [motion] . . . ." Rule 60(b) Motion 1. Head once more is filing a successive habeas application pursuant to 28 U.S.C. § 2255. To successfully file a successive § 2255 motion, a petitioner first obtain authorization from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3). Head has made no such application. Instead, Head attempts to end-run the requirement by purportedly invoking another procedural device. See <u>United States v. Lambros</u>, 404 F.3d 1034, 1036 (8th Cir. 2005). Recognized for what it is — a successive § 2255 Motion — Head's motion is not properly before this Court, and his Rule 60(b) Motion is therefore denied.

Even considered as a legitimate Rule 60(b) motion, Head's claims are meritless. The Federal Rules of Civil Procedure grant that a "court may relieve a party . . . from a final judgment . . ." for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence." Fed. R. Civ. P. 60(b). A Rule 60 motion, however, must be filed within a reasonable time, and if based on mistake, fraud, or newly discovered evidence, must be made within one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Head's Rule 60(b) Motion does not specify the reason for which he is requesting relief, but it is presumably based on this Court's alleged mistake, since he alleges that this Court "misunderstood, or failed to adequately address the claims presented." Rule 60(b) Motion 1. As such, his Rule 60(b) Motion must have been filed within one year after the entry of judgment on

March 26, 2004. Because his motion was filed more than seven years past this deadline, his motion is untimely and fails as a matter of law.

## IV. CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). Such a showing requires that "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that any other court would decide the issues raised in this motion differently, or that any of the issues raised in Head's motion would incite debate among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Robert George Head, Jr.'s Motion Pursuant to Rule 60(b) [Docket No. 236] is **DENIED** and the Government's Motion to Dismiss Successive § 2255 Application [Docket No. 237] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 7, 2012.